UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PAUL JULIAN MANEY,

Petitioner,

v.

CHRISTINE POPOFF,
Superintendent, Oregon
State Correctional Institution,

Respondent.

Case No. 6:16-cv-02192-CL

FINDINGS AND
RECOMMENDATION

CLARKE, Magistrate Judge:

Petitioner, an inmate at Oregon State Correctional Institution, brought this petition for habeas relief pursuant to 28 U.S.C. § 2254 and moved for the appointment of counsel. This action was stayed pending the decision in another case filed by petitioner. *See Maney v. Persson*, Case No. 6:15-cv-00259-JE. On May 5, 2017, a decision was issued in that case. Accordingly, I lift the stay, deny petitioner's motion for appointment of counsel, and recommend dismissal of this case.

Petitioner alleges that the Oregon Board of Parole and Post-Prison Supervision (the Board) violated his due process rights by failing to provide funding for an updated psychological

evaluation before his 2010 murder review hearing. (ECF No. 2 at 4, Ground One) (alleging that the Board violated petitioner's due process rights "by refusing to provide funding for a current psychological evaluation for the Board's consideration at the 2010 hearing"). Petitioner contends that he should have been provided funding to obtain a psychological evaluation in light of his burden to establish eligibility for parole.

In *Maney v. Persson*, petitioner alleged the same due process violation he alleges in this case: the failure to provide funding for an updated psychological evaluation before his 2007 parole review hearing. *See* Case No. 6:15-cv-0259-JE (ECF No. 2 at 5, Ground One) (alleging that the Board violated petitioner's due process rights "by refusing to provide funding for a current psychological evaluation for the Board's consideration at the 2007 hearing"). This Court denied petitioner's claim and held that he had no due process right to funding for a psychological evaluation. The Court explained:

> "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (internal citation omitted). Consequently, federal habeas corpus review of state parole decisions is quite limited. When a state creates a liberty interest in parole as Oregon has, *Miller v. Oregon Board of Parole and Post-Prison Supervision*, 642 F.3d 711, 715-16 (9th Cir. 2011), the only federal constitutional requirements are that the inmate be given an opportunity to be heard and provided with a statement of reasons as to why his parole was denied. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). These minimal procedural protections constitute "the beginning and the end of the federal habeas courts' inquiry...." *Cooke*, 562 U.S. at 220.
>
> Where petitioner had no due process right to counsel or funding for a psychological evaluation, and where due process did not extend to the Board's interpretation of the governing standard for rehabilitation hearings, he cannot prevail on Grounds One, Two, and Four.

*Maney v. Persson*, Case No. 6:15-cv-00259-JE (D. Or. Mar. 24, 2017) (ECF No. 64 at 5-6), *adopted in full* (D. Or. May 5, 2017) (ECF No. 68).

Here, petitioner alleges the same claim, based on the same grounds, with respect to his 2010 review hearing. As set forth above, *Cooke* makes clear that petitioner has no constitutional due process right to obtain funding for an updated psychological examination in parole proceedings. *Cooke*, 562 U.S. at 220. Consequently, his petition does not allege a viable claim to support habeas relief and it should be dismissed. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.").

## CONCLUSION

Accordingly, petitioner's motion for appointment of counsel (ECF No. 3) is DENIED. Petitioner fails to allege a viable claim for habeas relief, and the petition (ECF No. 2) should be DISMISSED. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within (14) days from service of the Findings and Recommendation. If objections are filed, any response is due fourteen (14) days after being served with a copy of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's final order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16 day of May, 2017.

MARK D. CLARKE
United States Magistrate Judge